IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GERALD A DAVIDSON, | : |
| Plaintiff, | : |
| v. | : Case No. 5:21-cv-00241-MTT-MSH |
| Doctor IKECHUKWU AKUNWANNE, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Gerald Davidson's motion to remand (ECF No. 7) this case to the Superior Court of Baldwin County. For the reasons stated below, it is recommended that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff, who is currently confined at Baldwin State Prison in Hardwick, Georgia, filed a *pro se* complaint in the Superior Court of Baldwin County challenging the adequacy of his medical treatment. Defs.' Ex. 12, ECF No. 4. Defendants filed responsive pleadings and removed the action to this Court on July 16, 2021. Notice of Removal, ECF No. 1. The Court received Plaintiff's motion to remand (ECF No. 7) on August 11, 2021. Defendants have not filed a response. Plaintiff's motion to remand is ripe for review.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a case is originally filed in state court, a party

may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The burden is on the party who removed the action to demonstrate removal is appropriate under § 1441. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). To do so, the moving party must show that the cause of action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "federal question must appear on the face of the plaintiff's complaint," and therefore, a plaintiff is "master of the claim; he or she may avoid federal jurisdiction by *exclusive* reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added).

Defendants properly removed the case to this Court. Plaintiff's complaint plainly contains a cause of action arising under the Constitution. He contends that Defendants' refusal to administer Plaintiff's insulin injections constituted deliberate indifference to a serious medical need in violation of the Eighth Amendment. *See* Defs.' Ex. 12, ECF No. 4. Accordingly, because Plaintiff has asserted a federal claim arising under 42 U.S.C § 1983, Defendants properly removed this action to federal court, and Plaintiff's motion to remand should be denied.

## CONCLUSION

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's motion to remand (ECF No. 7) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district

judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 19th day of January, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE