IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GERALD A. DAVIDSON, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : Case No. 5:21-cv-00241-MTT-MSH |
| DOCTOR IKECHUKWU AKUNWANNE, *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

**ORDER AND RECOMMENDATION**

Pending before the Court are Defendants' motion for judgment on the pleadings (ECF No. 10) and Plaintiff's motion for settlement (ECF No. 9), motion to remand (ECF No. 11), motions for a more definite statement (ECF Nos. 17, 18), and damages addendum construed as a motion to amend (ECF No. 26).  For the reasons stated below, it is recommended that Defendants' motion for judgment on the pleadings be granted in part and denied in part and that Plaintiff's motions to remand be denied.  Further, Plaintiff's motions for settlement, for a more definite statement, and to amend are denied.

**BACKGROUND**

This action arises from Plaintiff Gerald Davidson's confinement at Baldwin State Prison ("BSP") in Hardwick, Georgia.  Defs.' Exs., at 2, ECF No. 4.  Davidson alleges that on December 2, 2020, Defendant Ikechukwu Akunwanne, a doctor at BSP, discontinued his insulin injection and that Defendants Walter Berry and Vernon Speight failed to correct this decision.  *Id*. at 6.  Davidson contends the discontinuation endangered his internal

organs, eyesight, and life expectancy. *Id*. at 11. He further claims that Defendants Stephen Foster and Ken Peterson each "committed aggravated battery against" him, resulting in injuries. *Id*. at 6, 14. In relief, Davidson seeks compensatory and punitive damages. *Id*. at 14-16.

Davidson initiated this action on June 7, 2021, in the Superior Court of Baldwin County, Georgia. *See* Defs.' Exs., at 2. On July 16, 2021, Defendants answered (ECF No. 1-2) and removed the case to this Court (ECF No. 1). On August 11, 2021, the Court received Davidson's motion to remand the proceedings back to superior court (ECF No. 7), which the Court denied.[1] R. & R. 2-3, Jan. 19, 2022, ECF No. 31; Order 1, Feb. 15, 2022, ECF No. 33 (adopting recommendation). On September 1, 2021, the Court received Davidson's motion for settlement (ECF No. 9). Defendants moved for judgment on the pleadings (ECF No. 10) on September 2, 2021. The Court received Davidson's response (ECF No. 15) on December 8, 2021. On December 13, 2021, the Court received Davidson's motions for a more definite statement (ECF Nos. 17, 18) and a supplemental response to Defendants' motion for judgment on the pleadings (ECF No. 19). The Court received Davidson's addendum for damages (ECF No. 20) on December 20, 2021. That same day, Defendants responded to Davidson's motions for a more definite statement (ECF

---

[1] On September 15, 2021, the Court received Davidson's second motion to remand (ECF No. 11). The Court denied Davidson's first motion, finding that "because [Davidson] has asserted a federal claim arising under 42 U.S.C. § 1983, Defendants properly removed this action to federal court[.]" R. & R. 2, Jan. 19, 2022; Order 1, Feb. 15, 2022. Davidson provides no further justification for remand in his current motion, but rather argues it will be easier to commute to superior court than federal court. Pl.'s 2d Mot. to Remand 1, ECF No. 11. This argument does not warrant remand and it remains plainly obvious that the Court has subject matter jurisdiction over Davidson's claims. Therefore, it is **RECOMMENDED** that Davidson's second motion to remand (ECF No. 11) be **DENIED**.

No. 21).  On December 22, 2021, Defendants responded to Davidson's damages addendum[2] (ECF No. 26) and replied to Davidson's response to their motion for judgment on the pleadings (ECF No. 27).  Defendants' motion for judgment on the pleadings (ECF No. 10) and Davidson's motion for settlement (ECF No. 9), motion for a more definite statement (ECF Nos. 17, 18), and damages addendum construed as a motion to amend (ECF No. 20) are ripe for review.

## DISCUSSION

### I.      Davidson's Motions

#### A.      Motion for Settlement

Davidson moves to settle this matter, requesting the parties meet—without defense counsel—to negotiate an agreement.  Mot. for Settlement 1-2, ECF No. 9.  The Court is without jurisdiction to entertain Davidson's request.  *See Miller v. Primus*, No. 5:18-CV-93-TES-MSH, 2019 WL 1495272, at *4 (M.D. Ga. Apr. 4, 2019) (denying a settlement motion "as it requests Court action clearly not within the Court's jurisdiction—forcing parties to settle a matter.").  Therefore, Davidson's motion (ECF No. 9) is **DENIED**.

#### B.      Motions for More Definite Statement

Davidson moves for this Court to compel Defendants to respond to his interrogatories both generally and as they relate to specific Defendants.  *See* Pl.'s Resp 1-

---

[2]  In their response, Defendants construed Davidson's damages addendum as a motion to amend. Defs.' Resp. in Opp. to Plaintiff's "Addendum" 1, ECF No. 26.  The Court agrees that Davidson's addendum should be construed as a motion to amend and **DIRECTS** the Clerk of Court to modify the docket accordingly.

3

2, ECF No. 15; Pl.'s Letter 1, ECF No. 16; Pl.'s 1st Mot. for More Definite Statement 1-2, ECF No. 17.³  Under the Local Rules of the United States District Court for the Middle District of Georgia, "[m]options to compel disclosure or discovery will not be considered unless they contain a statement certifying that movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action."  M.D. Ga. L. R. 37.  Davidson failed to attach statements indicating he attempted to confer with Defendants concerning the interrogatory requests raised in his motions.  His motions are thus improper and are therefore **DENIED**.

C.     Motion to Amend

Davidson moves to amend his complaint to assert an additional claim that the Georgia Department of Corrections ("GDC") tactical squad took and destroyed his property.  Addendum 1-2, ECF No. 20.  As a result, Davidson contends he suffered damages in the amount of $300,000.  *Id*. at 1.  As Davidson did not seek to amend his complaint within twenty-one days of Defendants' answer, any amendment requires the opposing party's written consent or the Court's leave.  Fed. R. Civ. P. 15(a).  Defendants oppose Davidson's motion (ECF No. 26), so Davidson must obtain leave of the Court.

A court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A district court, however, may deny leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by

---

³ Davidson filed two, identical motions for more definite statements.  *See generally* Pl.'s 1st Mot. for More Definite Statement 1-2; Pl.'s 2d Mot. for More Definite Statement 1-2, ECF No. 18.  Therefore, the Court will only reference Davidson's first filing in analyzing this motion.

amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  A court may also deny a party leave to amend where the case has reached an advanced stage, and the proposed amendment would require extensive new discovery.  *See Nolin v. Douglas Cnty.*, 903 F.2d 1546, 1550-51 (11th Cir. 1990) (denying leave to amend where parties had completed discovery and prepared for trial, even though the proposed amendment included a claim which would require similar evidence to the claim to be tried), *overruled on other grounds by McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994).  The decision to grant or deny leave to amend is within the sole discretion of the district court.  *Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam).

     Davidson's new claim is futile for lack of exhaustion.  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Davidson's new claim involves acts that occurred on November 29, 2021—over four months after he initiated this action.  Addendum 1.  Therefore, it is impossible that Davidson exhausted his administrative remedies with respect to this claim prior to filing this complaint.  As such, his motion to amend (ECF No. 20) is **DENIED**.

II.    **Defendants' Motion for Judgment of the Pleadings Standard**

     "Judgment on the pleadings is appropriate where there are no material facts in

dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (internal quotation marks omitted). In evaluating a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in light most favorable to the non-moving party. If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id*. If, however, it is clear from the pleadings that the non-moving party "would not be entitled to relief under any set of facts that could be proved consistent with the allegations," then the claim should be dismissed. *Horsely v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted).

    A.    <u>Undisputed Material Facts</u>

In December 2020, while housed at BSP, Davidson sought assistance from Dr. Akunwanne to apply for disability benefits, but Dr. Akunwanne neglected to help him. Defs.' Exs., at 11, ECF No. 4; Defs.' Mem. in Supp. of Mot. for J. on the Pleadings 2, ECF No. 10. In response, on December 2, 2020, Davidson refused any further treatment from Dr. Akunwanne. Defs.' Exs., at 12; Defs.' Mem. in Supp. of Mot. for J. on the Pleadings 2. Davidson states that once he did so, Dr. Akunwanne halted his diabetes treatment and Speight—as BSP's Health Services Administrator—agreed with this decision. Defs.' Exs., at 12-13; Defs.' Mem. in Supp. of Mot. for J. on the Pleadings 2.

Additionally, Davidson states that Foster, a guard at BSP, pushed him backwards, causing him to trip over an object, hit his head on the floor, and knocking him unconscious. Defs.' Exs., at 14; Defs. Mem. in Supp. of Mot. for J. on the Pleadings 3. Then, according

6

to Davidson, Peterson, another BSP guard, took away his cane while at the "pill window." Defs.' Exs., at 14; Defs. Mem. in Supp. of Mot. for J. on the Pleadings 3. Davidson complains he suffered injuries from both these "assaults." Defs.' Exs., at 14; Defs.' Mem. in Supp. of Mot. for J. on the Pleadings 3.

  B. Federal Claims

   *1.* *Official Capacity Claims*

Akunwanne, Berry, and Speight argue they are entitled to judgment as a matter of law on Davidson's claims against them in their official capacity because the Eleventh Amendment and the text of 42 U.S.C. § 1983 bar such claims. Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 4-6, ECF No. 10-1. The Court agrees and recommends that Defendants' motion be granted on this ground.

Akunwanne, Berry, and Speight are employees of the GDC, an agency of the state of Georgia. GDC employees are entitled to Eleventh Amendment immunity for claims against them in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the [GDC] unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Id.* Davidson's claims against Akunwanne, Berry, and Speight in their official capacities for

7

monetary damages are barred by the Eleventh Amendment, and therefore, the Court **RECOMMENDS** that Defendants' motion be **GRANTED** on this ground.

Additionally, GDC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will*, 491 U.S. at 71; *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for the denial of Plaintiff's claims. *Will*, 491 U.S. at 71. Therefore, Davidson may not raise claims against Akunwanne, Berry, and Speight in their official capacities, and the Court **RECOMMENDS** that Defendants' motion for judgment on the pleadings be **GRANTED** on this ground.

2.  *Supervisory Liability*

Berry and Speight argue they are entitled to judgment as a matter of law as to Davidson's claims against them to the extent Davidson raises these claims under a theory of supervisory liability. Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 8-10. The Court agrees.

A prisoner cannot state a § 1983 claim based on a theory of respondeat superior or vicarious liability. *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004). Instead, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisory personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging that the official either "(1) instituted a custom or

8

policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Davidson's argument opposing judgment on the pleadings is the epitome of an insufficient supervisory liability claim. Davidson contends that Speight—as the health services administrator of BSP—authorized the decision to discontinue Davidson's insulin injections, and that Berry—as the warden of BSP—participated in this decision by denying Davidson's grievance relating to the denied insulin. Pl.'s Suppl. Resp. 1-2, ECF No. 19. Davidson does not argue that Speight was the sole decision maker in denying Davidson's insulin injections, but that Speight failed to intervene in his supervisory role as health services administrator. *See* Defs.' Exs., at 13. This grant of authority, however, does not amount to supervisory liability. *See Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 n.58 (1979) ("[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." (citation omitted)). Moreover, a prison official's participation in the grievance process— even if denying said grievance—does not in and of itself amount to participation in the alleged constitutional violation. *See Welch v. Chase*, No. 5:10-CV-43-MTT, 2011 WL 3817015, at *2 (M.D. June 14, 2011) ("Merely filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." (internal quotation marks omitted)). Thus, Davidson's claims do not amount to supervisory liability against either Speight or

9

Berry, and therefore, the Court **RECOMMENDS** that Defendants' motion be **GRANTED** on this ground.

### 3. *Deliberate Indifference*

Akunwanne, Berry, and Speight argue they are entitled to judgment as a matter of law on Davidson's deliberate indifference claim because they were not deliberately indifferent to Davidson's serious medical needs. Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 6-8. "The Eighth Amendment's prohibition against cruel and unusual punishments protects a prisoner from deliberate indifference to serious medical needs." *Kuhne v. Fla. Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014) (internal quotation marks omitted). "[T]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks omitted). Deliberate indifference requires a showing of a "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted).

Disagreement over the mode of treatment does not constitute deliberate indifference for the purposes of the Eighth Amendment. *See Hamm v. Dekalb Cty.*, 774 F.2d 1527,

10

1575 (11th Cir. 1985) ("[A]n inmate's desire for a different mode of treatment does not rise to the level of deliberate indifference."). Negligence in treatment, even rising to the level of medical malpractice, is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Instead, the treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks omitted). "[C]onduct deliberately indifferent to serious medical needs has included: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Medical care so inappropriate as to evidence intentional maltreatment or refusal to provide essential care violates the Eighth Amendment.").

Akunwanne, Berry, and Speight argue two reasons for judgment on the pleadings with respect to Davidson's claim of deliberate indifference. First, they assert that Davidson fails to state an injury resulted from the lack of insulin injections. Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 7. Davidson did not address this argument in his responses, but stated in his complaint that Akunwanne's "bad-act endangered [his] kidneys, as present health care records prove[]" along with "other internal organs . . ., his life expectancy, and eye-sight[.]" Defs.' Exs., at 11; *see also* Pl.'s Resp. 1-2; Pl.'s Suppl. Resp. 1-3. While Davidson has not elaborated on these alleged injuries, that is not detrimental to his complaint. "It is fairly common knowledge that depriving a diabetic of insulin may be dangerous." *Macauley v. Collier Cnty. Sheriff's Office*, No. No. 2:21-cv-300-JLB-NPM,

11

2021 WL 4950254, at *6 (M.D. Fla. Oct. 25, 2021); *see also Naphier v. Cnty. Of Genesee*, No. 11-13754, 2012 WL 6652945, at *8 (E.D. Mich. Dec. 21, 2021) ("It takes no medical training to understand that when a diabetic is deprived of her insulin, grave consequences follow."). Thus, the Court cannot find without a doubt that Davidson suffered no injuries from the denial of insulin.

Second, Akunwanne, Berry, and Speight contend that Davidson has not demonstrated that they acted with the subjective intent to amount to deliberate indifference. Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 8. With respect to Berry and Speight, the Court agrees that Davidson does not allege any facts claiming that they directly participated in the denial of his insulin injections. Rather, as discussed, Davidson argues they are liable in their supervisory roles. Such allegations do not amount to Berry or Speight's deliberate indifference, and therefore, the Court **RECOMMENDS** that Defendants' motion be **GRANTED** on this ground as it relates to Berry and Speight.

With respect to Akunwanne, however, Davidson has sufficiently pleaded allegations that, if taken as true, amount to deliberate indifference. According to Davidson, Akunwanne diagnosed and treated Davidson's diabetes for three years. Defs.' Exs., at 11. When Davidson refused any further medical care from Akunwanne, Akunwanne responded by ordering that Davidson's insulin injections be stopped. *Id.*; Defs.' Exs., at 11-12. Whether Davidson's desire to not receive treatment from Akunwanne justified discontinuance of his insulin as opposed to referral to another medical provider cannot be determined at the pleading stage. Davidson's allegations that Akunwanne knew of Davidson's diabetes and chose to stop his needed medication is sufficient to defeat a

12

motion for judgment on the pleadings. Therefore, the Court **RECOMMENDS** that Defendants' motion be **DENIED** on this ground as it relates to Akunwanne.

   4.   *Qualified Immunity*

Akunwanne, Berry, and Speight argue that even assuming Davidson could show an Eighth Amendment violation, they are entitled to qualified immunity. Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 10-12. "[Q]ualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Oliver v. Fiorino*, 586 F.3d 898, 904 (11th Cir. 2009) (internal quotation marks omitted). A defendant seeking qualified immunity must show that at the time of the alleged wrongful acts, "he was acting within the scope of his discretionary authority." *Id.* at 905. Once this is established, "the burden then shifts to the plaintiff to show that the grant of qualified immunity is inappropriate." *Id.* To do so, a plaintiff must "demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was clearly established at the time of the incident." *Id.* (internal quotation marks omitted).

It is undisputed in this case that Akunwanne, Berry, and Speight acted within their discretionary authority in their alleged actions related to Davidson's medical treatment. Because that determination is made, the burden shifts to Davidson to show that they are not entitled to qualified immunity. For the reasons stated above, the Court determines that neither Berry nor Speight were deliberately indifferent to Davidson's medical needs, and

13

therefore, they are entitled to qualified immunity. Therefore, the Court **RECOMMENDS** that as an additional ground, Defendants' motion be **GRANTED** based on qualified immunity as it relates to Berry and Speight.

Conversely, as the Court has determined that Akunwanne was deliberately indifferent to Davidson's diabetes, the issue is whether Akunwanne's alleged conduct was clearly established at the time of the incident. "The knowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference." *Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1190 (11th Cir. 2020) (internal quotation marks omitted). "This broad principle has put all law-enforcement officials on notice that if they actually know about a condition that poses a substantial risk of serious harm and yet they do *nothing* to address it, they violate the Constitution." *Id.* (emphasis in original). Therefore, Akunwanne is not entitled to qualified immunity, and the Court **RECOMMENDS** that Defendants' motion be **DENIED** on this ground as it relates to Akunwanne.[4]

B.     State Law Claims

Davidson's state law claims are deficient for multiple reasons. First, Defendants argue the Georgia Tort Claims Act ("GTCA") bars Davidson's state law claims against them in their official capacities. Defs.' Mem. in Supp. of Mot. for J. on the Pleadings 13-

---

[4] The Court notes that Davidson failed to respond to Defendants' qualified immunity defense. Nevertheless, the evidence as presented must be viewed in light most favorable to the plaintiff—the nonmoving party—at the judgment on the pleadings stage. *See Perez*, 774 F.3d at 1335; *see also Crenshaw v. Lister*, 556 F.3d 1283, 1290 (11th Cir. 2009) (quoting *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008)).

14. The Court agrees. The GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee." O.C.G.A. § 50-21-25-(a). "A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." *Id*. The GTCA instructs tort claimants to "name as a party defendant *only* the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(b). Should the claimant name the individual officer or employee, "the state government entity for which the state officer or employee was acting must be substituted as the party defendant." *Id*.

This leads to Defendants' second and third arguments—that even when the appropriate government entity is substituted as a party, Davidson's claims remain futile for failing to comply with GTCA's service and ante litem requirements. Defs.' Mem. in Supp. of Mot. for J. on the Pleadings 14. The Court agrees.

The GTCA mandates that a plaintiff initiating a civil suit against Georgia "must both: (1) cause process to be served upon the chief executive officer of the state government entity involved at his or her usual office address; and (2) cause process to be served upon the director of the Risk Management Division of the Department of Administrative Services at his or her usual office address." O.C.G.A. § 50-21-35. Further, no civil "action against the state under [the] [GTCA] shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state[.]" *Id*. § 50-21-26(a)(3). Plaintiff has not demonstrated that he complied with these procedural requirements. Therefore, Plaintiff's claims are barred under the GTCA.

15

*See Lewis v. Stewart*, NO. 5:18-cv-00110-TES, 2018 WL 6046832, at *2 (M.D. Ga. Nov. 19, 2018) (dismissing the plaintiff's state-law claims for failure to "effectuate service or provide the required ante litem notice"); *see also Cummings v. Ga. Dep't of Juv. Just.*, 653 S.E.2d 729, 731-32 (Ga. 2007). Accordingly, the Court **RECOMMENDS** that Defendants' motion be **GRANTED** on these grounds.

Finally, the GTCA bars Davidson's claims of assault against Foster and Peterson. The State of Georgia has waived immunity from some claims—but not for assault and battery. *See* O.C.G.A. § 50-21-24(7). Therefore, even if Davidson had satisfied GTCA's procedural requirements, his assault claims remain barred. *See Collins v. Bridges*, No. 5:09-cv-109 (HL), 2010 WL 2925796, at *1 (M.D. Ga. July 21, 2010) ("An alternative basis for dismissal of Plaintiff's assault and battery claims is that the GTCA specifically provides that the state of Georgia shall be immune for assault and batter claims." (citation omitted)). As such, the Court **RECOMMENDS** that Defendants' motion be **GRANTED** on this ground.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motion for judgment on the pleadings (ECF No. 10) be **GRANTED in part** and **DENIED in part** and that Plaintiff's second motion to remand (ECF No. 11) be **DENIED**. Further, Plaintiff's motion for settlement (ECF No. 9), motions for a more definite statement (ECF Nos. 17, 18), and damages addendum construed as a motion to amend (ECF No. 20) are **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections

to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  Any objection should be no longer than twenty (20) pages in length.  *See* M.D.Ga. L.R. 7.4.  The District Court shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 9th day of March, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE