IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GERALD A DAVIDSON, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 5:21-CV-241-MTT-MSH |
| Doctor IKECHUKWU AKUNWANNE, | : | |
| Defendant. | : | |

### ORDER

Pending before the Court is Plaintiff Gerald A. Davidson's motion for an order for damages (ECF No. 37) and Defendant Dr. Ikechukwu Akunwanne's motion for discovery (ECF No. 40). For the reasons stated below, Plaintiff's motion for damages is denied and Defendant's motion for discovery is granted.

Plaintiff argues he is entitled to damages because the Court allowed his claim of deliberate indifference to a serious medical need to proceed against Defendant Akunwanne at the motion for judgment on the pleadings stage. Mot. for Damages 1, ECF No. 37; *see also* Order 1, n.1, Apr. 21, 2022, ECF No. 36. The Court's denial of a motion for judgment on the pleadings, however, is not a final judgment in Plaintiff's favor in the sense that he should be awarded damages. Rather, it allows any surviving claims to proceed for further factual development. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—*but early enough not to delay trial*—a party may move for judgment on the pleadings." (emphasis added)); *see also Horsley v. Feldt*, 304 F.3d 1125, 1131, n.2 ("[M]otions for judgment on

the pleadings are facial challenges to the legal sufficiency of [the] complaint that present a purely legal question; there are no issues of fact because the allegations contained in the pleadings are presumed to be true." (internal quotation marks omitted)).  As such, Plaintiff's motion for damages (ECF No. 37) is **DENIED**.[1]

Defendant moves for a sixty-day period to complete discovery, including taking Plaintiff's deposition pursuant to Fed. R. Civ. P. 30(a)(2)(B).  Mot. for Disc. 1-2, ECF No. 40.  Defendant also requests an additional forty-five-day period to file dispositive motions following the discovery period.  *Id.*  Because the Court has resolved Defendants' motion for judgment on the pleadings, the discovery stay in this case is lifted and Defendant's motion for discovery (ECF No. 40) is **GRANTED**.  *See* Text-Only Order, Dec. 21, 2021, ECF No. 24 (granting motion to stay).  Further, Defendant's request to take Plaintiff's deposition is **GRANTED**.

The parties have through and including **July 19, 2022**, to complete discovery. Following the discovery period, the parties have through and including **September 2, 2022**, to file dispositive motions.

SO ORDERED, this 18th day of May, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff merely seeks to reassert his claims for damages, his motion is denied as moot.  Plaintiff's assertion of damages is unnecessary as he previously raised these claims in his complaint.  *See Helton v. Burks*, No. 1:11-CV-77 (WLS), 2013 WL 1721646, at *1 (M.D. Ga. Mar. 29, 2013).